United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2006

Charles R. Fulbruge III
Clerk

I n the
# United States Court of Appeals
## for the Fifth Circuit

m 06-30279
Summary Calendar

CORA JOHNSON AND DELORES SEAY,

Plaintiffs-Appellants,

VERSUS

JUANETTA MARTIN AND BAYOU HOME BUREAU CORPORATION,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
m 3:03-CV-1979

Before SMITH, WIENER, and OWEN,
Circuit Judges.

PER CURIAM:

Cora Johnson and Delores Seay sued their employer for discharging them in retaliation for filing for unpaid wages under the Fair Labor Standards Act ("FLSA"). The district court offset their damage award by wages they earned after their employment was terminated.

Because the court properly applied the law, we affirm.

I.

Plaintiffs were employed by Bayou Home Bureau Corporation ("Bayou") and Juanetta Martin, Bayou's owner, as Personal Care Attendants. They were paid an hourly wage. They filed claims for unpaid regular and overtime wages, and Bayou discharged them. The district court granted summary judgment for

plaintiffs, finding that the adverse employment action would not have occurred absent the FLSA claims. Bayou violated the FLSA by discharging plaintiffs in retaliation for exercising their statutory rights.

The trial was limited to a determination of damages. The court allowed, over objection, evidence of wages plaintiffs earned from work they obtained through their own efforts after their discharge. Based on this evidence, the court found that Johnson had suffered no damages and that Seay's lost wages and liquidated damages were limited to $7,192, because the court offset the wages they lost from being discharged by the wages they subsequently earned. Plaintiffs appeal, arguing that the district court should not have offset their damages by the wages they later earned.

## II.

We review the denial of a new trial for abuse of discretion. *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 300 (5th Cir. 2005). The district court did not err in offsetting plaintiffs' damages by their post-termination wages.

The FLSA's remedy provision specifically addresses the damages available for employees discharged for filing complaints for unpaid wages:

Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b) (2000).

The FLSA does not explicitly address whether wages earned after termination offset lost wage damages. In the context of the Age Discrimination in Employment Act ("ADEA"), courts must offset lost wage awards with post-termination earnings. *Stephens v. C.I.T. Group/Equip. Fin., Inc.*, 955 F.2d 1023, 1028 (5th Cir. 1992). Under the ADEA, "[c]ourts uniformly offset interim earnings from back pay awards in order to make the plaintiff whole, yet avoid windfall awards." *Id.* The FLSA and ADEA have the same remedies provisions, so this ADEA precedent applies in the present case. *Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006) ("Because the remedies available under the ADEA and the FMLA both track the FLSA, cases interpreting remedies under the statutes should be consistent.").[1]

AFFIRMED.

---

[1] *See also E.E.O.C. v. White and Son Enters.*, 881 F.2d 1006, 1013 (11th Cir. 1989) ("The language of Section 216(b) plainly calls for a deduction of interim earnings from gross back pay allowable as 'wages lost' due to a retaliatory discharge."); *Kossman v. Calumet County*, 849 F.2d 1027, 1029 (7th Cir. 1988) (adopting the same rule).